Gustavus C. Pearson

*v.*

James Sanderson.

*Filed at Springfield April 5, 1889.*

1. Arbitration and Award — *whether so considered—action of appraisers of improvements, under a lease—notice to the parties.* Where a lease for a term of years provides that at the end of the term each party shall select an appraiser to value the permanent improvements put upon the premises, and in case they can not agree, the appraisers thus chosen shall select a third, and that the lessor shall pay the lessee the amount of such appraisal by any two of the appraisers, the action of the appraisers under such appointment is not an arbitration and award, so as to require notice to the parties of the time and place of the appraisers' meeting and action. In such case no statement of the parties or evi-

dence is contemplated. The appraisers are required to examine the improvements, and act on their own judgment.

2. LANDLORD AND TENANT—*purchase of improvements by a lessor— upon appraised value, under the lease.* A lease of property for a term of years provided that on the expiration of the term without a purchase by the lessor of improvements which might be put upon the premises by the lessee, one appraiser should·be chosen by each of the parties thereto, who should appraise the then cash value of the permanent improvements made by the lessee and remaining upon the leased premises, and that in the event of the two appraisers failing to agree upon values they should select a third person, and that the valuation fixed by any two of the three appraisers should determine the amount to be paid the lessee by the lessor, after giving the latter credit and paying all liens due him from the lessee for money advanced, unpaid rent and other indebtedness due or to become due from the lessee to the lessor. The parties each selected an appraiser, who, being unable to agree, selected a third one. Two of the three made an appraisement: *Held,* in an action by the lessee against the lessor, to recover the appraised value, that the court properly instructed the jury that the defendant was liable for such valuation of all the permanent improvements put on the premises and remaining thereon at the end of the term.

3. INTEREST—*whether allowable—sum fixed by appraisers under terms of a lease.* In such case, the sum found by the appraisers for the value of the improvements was a debt evidenced by the terms of the lease, and, as such, would draw six per cent interest from the date of the appraisement.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Vermilion county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. B. MANN, for the plaintiff in error:

The so-called appraisers were, in fact, arbitrators, and their action should have been governed by the rules affecting arbitrators. If they were such, the court will so treat them, and define their duties accordingly. *Van Courtland* v. *Underhill,* 17 Johns. 405; *Layman* v. *Young,* 31 Pa. St. 306.

This court has decided that where there is nothing for appraisers to do but to fix the price to be paid for a definitely determined article, they are not arbitrators, in the legal sense. (*Norton* v. *Gale,* 95 Ill. 533; *Stose* v. *Heissler,* 120 id. 435.)

But the appraisers in the case at bar had necessarily to decide many more questions than the mere value of property. Before any award could possibly be made by them, it was imperatively necessary that they should agree upon the following matters: First, what improvements were made on the leased premises by appellee; second, were such improvements permanent; third, were such improvements authorized by the terms of the lease; fourth, what was the fair cash value of such improvements, and, as an incident thereto, what value did they add to the premises.

The rule requiring notice of the hearing is without exception, and if there has been no such notice there can not be a legal hearing or a valid award. Morse on Arb. and Award, 118.

The trial court erred in instructing the jury that the plaintiff in error was liable for all the improvements placed upon the premises by the defendant in error. The value of no improvements whatever, except the mill building and dwelling house, could be properly recovered.

The court also erred in instructing the jury that the defendant in error was entitled to interest on the award. There is no evidence as to any date when plaintiff in error was notified of the award. There is no proof that a copy was given him. Defendant in error says he told plaintiff in error, after the appraisement was made, that he, defendant in error, had done all he could, and the appraisers had done all they could, and he left them to complete it. This is all the proof of a demand there is in this entire record. The jury allowed interest from the date of the award.

Mr. F. BOOKWALTER, for the defendant in error:

An arbitration is defined to be the investigation and determination of matter or matters of difference between contending parties, by one or more unofficial persons chosen by the parties, and called arbitrators. 3 Blackstone's Com. (Sharswood's ed.) 16; *Norton* v. *Gale*, 95 Ill. 533.

That the matter in question was not on arbitration, and not to be governed by the rules regulating arbitrators, has been conclusively settled in this State by a long line of decisions. *Illinois and Michigan Canal* v. *Lynch*, 5 Gilm. 521; *McAvoy* v. *Long*, 13 Ill. 147; *Railroad Co.* v. *Spurck*, 24 id. 587; *Snell* v. *Brown*, 71 id. 133; *Korf* v. *Lull*, 70 id. 420; *Norton* v. *Gale*, 95 id. 535.

The finding of the appraisers can only be attacked for fraud or mistake. *McAuley* v. *Carter*, 22 Ill. 53; *Downey* v. *O'Donnell*, 92 id. 559.

No notice is necessary to the parties, because they are bound to take notice of the acts of the appraisers. *McAuley* v. *Carter*, 22 Ill. 53; *Norton* v. *Gale*, 95 id. 533. ·

The finding of the appraisers draws interest at the rate of six per cent per annum, from the time of their finding. See *Downey* v. *O'Donnell*, 92 Ill. 559.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by James Sanderson, against Gustavus C. Pearson, to recover the amount of an appraisement which had been awarded the plaintiff for permanent improvements placed by him on certain premises leased of the defendant.

Under the contract set out in the declaration, certain premises in Danville, Illinois, were leased by Pearson to Sanderson for five years, from April 1, 1881, upon which the latter was authorized to erect a corn and feed mill and dwelling house. The lease, among others, contained the following provision: "At the expiration of five years, in case of non-renewal of this or the making of a new lease, or at the period that this lease shall be determined by forfeiture, by agreement, or in case of death of lessee, in case said lessor has not already purchased said improvements, one appraiser, who shall be a householder and citizen of Danville, shall be chosen by each, (lessor and lessee,) which appraisers shall determine the then cash value

of the permanent improvements made by said lessee, and remaining upon the said premises leased, provided the lessee may first remove the engine, boiler machinery, if free from liens in favor of lessor. In the event of the appraisers failing to agree upon values, a third person shall be chosen by them, (the appraisers,) who shall be a resident and householder of Danville. The valuation decided upon by two of the three appraisers shall determine the amount that shall be paid by lessor to lessee for said improvements, after giving lessor credit, and paying all liens due him from lessee for money advanced, unpaid rent, or other indebtedness due or to become due from lessee to lessor."

It is also averred in the declaration, that plaintiff entered into possession of said premises and occupied the same under said agreement, for five years, and made the following permanent improvements, viz.: One house and kitchen, one mill building, one barn and shed, one well and cistern at the house, filling yard, one out-house, partition fence and shrubbery; and that said lease was not renewed, and that defendant did not purchase the permanent improvements made upon said premises; that on April 2, 1886, plaintiff chose Henry Brand as his appraiser, and defendant chose John Beard, and that they failed to agree, and that on July 1, 1886, they chose Magnus Yeager, and that the three could not agree, but that Yeager and Brand did, on July 7, 1886, appraise, determine and fix the fair cash value of said permanent improvements so left on said premises, at their value on April 1, 1886, and made a written finding, in which plaintiff was allowed $1640 therefor.

To the declaration the defendant pleaded the general issue and several special pleas. The defense set up and relied upon in the special pleas, in substance, was, that the appraisers were arbitrators, and as the rules governing arbitrators were not observed, especially in giving notice of the time and place of meeting, the action of the appraisers was not binding on the defendant.

If the proceeding which resulted in an appraisement in favor of the plaintiff for the sum of $1640 was an award, and should be governed and controlled by the rules that govern arbitrations and awards, the validity of the appraisement might well be doubted. But the proceeding, as we understand it, was not an arbitration. It was a mere appraisement of the value of certain permanent improvements placed upon the premises by the plaintiff, which appraisement, under the terms of the lease, was to be paid by the defendant. *Norton* v. *Gale*, 95 Ill. 533, is an authority in point. It was there held, that where the parties to a lease provide for rent to be paid yearly, at six per cent on the appraised value of the demised premises, to be ascertained by the selection of property holders, this is not a submission to arbitration, and no notice to the parties is necessary before making the appraisement, unless the lease so requires; and the finding of the appraisers, when selected, will be conclusive upon the parties, except for fraud. The decision in the case cited was approved, where a similar question arose, in *Stose* v. *Heissler*, 120 Ill. 436. No distinction can be drawn between the cases cited and the one under consideration. In the *Norton case*, the appraisers were selected to appraise the value of leased premises, the value, when fixed, to form the basis for the payment of rent at a specified per cent, while here the appraisers are selected to determine the value of certain permanent improvements placed on the leased premises. In neither case was it contemplated that evidence or the statement of the parties should be heard, but the appraisers were merely to examine the property, and use their own judgment in determining value. There was no dispute to be settled or trial to be had, as is the case where there is an arbitration and award. Where a proceeding is an arbitration, it is necessary that a time and place should be fixed for a hearing,—that the parties should receive notice, in order that they might appear and introduce their evidence, and make their statements before the arbitrators. But nothing of the

kind is required in a case of this character. No evidence is to be heard. The appraisers ascertain such facts as may have a bearing on the value of the improvements, in their own way, and act upon their own judgment.

It is also claimed that the court erred in instructing the jury that the defendant was liable for all the improvements placed upon the premises. The contract provided that the appraisers shall determine the cash value of the permanent improvements made by the lessee and remaining upon the premises leased, and the construction placed upon the contract by the court was, that the defendant was liable for the permanent improvements. We think the construction placed upon the lease was warranted by its terms. The court instructed the jury that plaintiff was entitled to recover the amount fixed upon by the appraisers, with six per cent interest from the time defendant was notified of the amount which had been agreed upon, and it is insisted that interest could not be recovered.

Section 2, chapter 74, of the statute, provides that interest may be recovered at the rate of six per cent upon all moneys after they become due, on any bond, bill, promissory note or other instrument of writing. The lease executed by the parties, as has been seen, provided that the valuation decided upon by the appraisers should determine the amount that should be paid by lessor to lessee for said improvements. Under this clause of the lease, when the appraisers fixed upon the amount which the lessee was entitled to receive under its terms, then the amount became due by the terms of the lease. The lease was an instrument of writing, within the meaning of the statute, *supra,* and as interest may be recovered on money due on an instrument of writing, we are of opinion that interest was properly allowed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. Justice Wilkin took no part in this case.